Marty G. Baker, Esq. (AZ Bar No. 025278)
Macie J. Hawkes, Esq. (AZ Bar No. 026012)
ROUTH CASTLE COOPER OLSEN, LLC
A Multi-Jurisdictional Law Firm
22601 North 19th Avenue, Suite 201
Phoenix, Arizona 85027
(623) 582-1222
File No.: 8261.30167

Attorneys for CITIMORTGAGE, INC. its successors and or assigns

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA - TUCSON DIVISION

| | |
|---|---|
| IN RE: | Case No.: 08-12230-JMM |
| DARRYL CHARLES BLAND AND TRENAIN KATHRYN BLAND | Chapter: 13 |
| | STIPULATION GRANTING ADEQUATE PROTECTION |
| DEBTORS. | |
| CITIMORTGAGE, INC., its successors and or assigns | |
| Movant, | |
| v. | |
| DARRYL CHARLES BLAND, TRENAIN KATHRYN BLAND, Debtors; and Dianne C. Kerns, Chapter 13 Trustee | |
| Respondents. | |

This Stipulation is entered into by and between the Secured Creditor, CITIMORTGAGE, INC., its successors and or assigns ("Movant"), and Darryl Charles Bland and Trenain Kathryn Bland, ("Debtors"), by and through their respective attorneys of record.

The property which is the subject of this matter is commonly known as 1380 E Saguaro Trl, Queen Creek, AZ, 85242, which is legally described as:

SEE LEGAL DESCRIPTION ATTACHED TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FILED ON BEHALF OF MOVANT AND MADE A PART THEREOF.

THE PARTIES STIPULATE AS FOLLOWS:

1. Debtors shall tender regular monthly payments in the amount of $1,826.03 to Movant, which amount is subject to change pursuant to the terms of the subject Note (the "Note"), commencing May 1, 2009, and continuing until all such outstanding amounts under the Note are paid in full.

2. The post-petition arrears are calculated as follows:

| | |
|---|---|
| 2/1/09 through 4/1/09 payments at $1,826.03 | $5,478.09 |
| Amount in suspense | <$1,603.23> |
| Total arrears | $3,874.86 |

3. In addition to regular monthly payments, Debtors shall also tender payments to Movant in the sum of $645.81, commencing July 15, 2009 and continuing through and including Dec 15, 2009, when all post-petition arrears due and owing under the Note in the current sum of $3,874.86 will be paid in full. Payments are to be remitted to CITIMORTGAGE, INC..

4. If Debtors provide proof of additional post-petition payments received and negotiated by Movant, the requirement to make additional payment to Movant pursuant to paragraph three (3) herein shall be revised.

5. Debtors shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance to Movant on a timely basis.

6. Debtors shall comply with the terms and conditions of their Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

7. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Movant shall provide written notice to Debtors and Debtors' attorney of record, indicating the nature of the default. If Debtors fail to cure the default with certified funds

after the passage of fifteen (15) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the Court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose on the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law, and may thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

8. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

9. Relief from the Automatic Stay is granted as to the Chapter 13 Trustee, Dianne C. Kerns.

10. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtors.

11. In the event this case is converted to a Chapter 7 proceeding the Automatic Stay shall be terminated without further notice, order, or other proceedings of the Court. If the Automatic stay is terminated as a matter of law, the terms of this Order shall immediately cease to be in effect and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against the Debtors.

12. Any notice that Movant shall give to Debtors or Debtors' attorney pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

///

IT IS SO STIPULATED:

Dated: 7/22/09

Marty G. Baker, Esq.
Macie J. Hawkes, Esq.
Attorneys for CITIMORTGAGE, INC.

Dated: 6/25/09

Don J. Lawrence, Jr.
Attorney for Debtors

No position - S/b conduit for post petition arrears

Dated: 7-20-09

Dianne C. Kerns
Chapter 13 Trustee